FILED

2015 SEP -4  PM 2: 24

TM

1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGGIE R. WILLIAMS, | CASE NO. 14cv3046-BEN (KSC) |
| Petitioner, | **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE RE: GRANTING RESPONDENT'S MOTION TO DISMISS** |
| vs. | |
| JEFFREY BEARD, Secretary, | |
| Respondent. | [Doc. 16] |

        Petitioner Reggie R. Williams, a prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 20, 2014. [Doc. 1] The case was thereafter transferred from the Central District of California to this District on February 27, 2014. [Doc. 4] Before the Court is respondent Jeffrey Beard's Motion to Dismiss the Petition as untimely, filed on May 5, 2015. [Doc. 16] The petitioner filed a Response in opposition to the Motion to Dismiss on May 26, 2015. [Doc. 18]

        This matter was referred to the undersigned Magistrate Judge for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  Based on the moving and opposing papers, and for the reasons outlined below, this Court RECOMMENDS that the Motion to Dismiss be GRANTED.

/ /

# I. **PROCEDURAL HISTORY**

On December 6, 2007, a jury convicted petitioner Reggie R. Williams after trial of several criminal counts including forcible oral copulation in violation of California Penal Code § 288a(c)(2), false imprisonment in violation of California Penal Code § 236/237a, and two counts of corporal injury to a spouse in violation of California Penal Code § 273.5(a). [Lodg. 1, Vol. 6, pp. 1048-54] The trial court sentenced the petitioner to eleven years and four months in state prison on January 18, 2008. [Lodg. 2, Vol. 2, pp. 292-293]

## A. **Direct Appeal**

The petitioner filed a direct appeal on June 13, 2008. [Lodg. 4] The Court of Appeal affirmed his conviction on January 22, 2009. [Lodg. 7] The California Supreme Court subsequently denied his petition for review on April 1, 2009. [Lodg. 9] The petitioner did not file a writ of certiorari to the United States Supreme Court.

## B. **Habeas Corpus Petitions Before the Superior Court**

The petitioner filed his first state petition for writ of habeas corpus in the San Diego Superior Court on March 18, 2010.[1] [Lodg. 10] In the first petition, he raised four claims: (1) ineffective assistance of counsel, (2) prosecutorial misconduct based on the fact that the prosecutor tried his case with false evidence, (3) conviction based on false evidence, and (4) an improper sentencing enhancement. *Id.* at 4-11. The San Diego Superior Court denied his first petition on May 24, 2010. [Lodg. 11]

The petitioner filed his second state petition for writ of habeas corpus in the San Diego Superior Court on November 6, 2010. [Lodg. 12] He raised two constitutional claims: (1) ineffective assistance of counsel, and (2) prosecutorial misconduct based

---

[1] Like the respondent, this Court will construe the petitioner's filing date to be the date on which he signed his petition, not the date on which the petition was received by the California Court. [Doc. 16-1, p. 4] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (setting forth the "mailbox rule" in which a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court). The Court will refer to the date the petition was signed as the "constructive" filing date.

on the prosecutor's intimidation and coercion of trial witnesses. *Id.* at 3-6. The San Diego Superior Court denied his second petition on January 4, 2011. [Lodg. 13] With respect to the ineffective assistance of counsel claim, the San Diego Superior Court treated the second petition as a motion for reconsideration and stated, "[t]he court will not consider repetitive petitions." *Id.* at 2. However, the Court considered and denied the prosecutorial misconduct claim on the merits of the petitioner's allegations. *Id.* at 2-3.

### C. Habeas Corpus Petitions Before the California Court of Appeal

In response to the denial of his second petition, the petitioner filed a document titled "Petition for Writ of Mandate/Prohibition" in the California Court of Appeal on January 19, 2011. [Lodg. 14] This document raised two issues: (1) ineffective assistance of counsel, and (2) prosecutorial misconduct. *Id.* at 15-19. The Court of Appeal construed the filing as another state petition for writ of habeas corpus. [Lodg. 15, p. 1] The Court of Appeal ruled on February 22, 2011, that the petition was procedurally barred because it exclusively presented issues that were raised and resolved (or could have been raised and resolved) on direct appeal. *Id.*

The petitioner filed a second petition for writ of habeas corpus before the Court of Appeal on April 18, 2011, raising a single claim of ineffective assistance of counsel. [Lodg. 16] The Court of Appeal denied this petition on May 13, 2011. [Lodg. 17] The Court ruled that the petition was procedurally barred as it repeated issues previously raised on appeal and in the petitioner's first habeas corpus petition before the Court of Appeal. *Id.* at 2.

On August 1, 2011, the Court of Appeal denied the petitioner's request for reconsideration of that court's denial of his habeas corpus petition. [Lodg. 18] The petitioner's original request for reconsideration was not included among the Lodgments filed by the parties in this case. However, it can be inferred from the Court of Appeal's written Order that on an unknown date, the petitioner filed a document titled "Denial and Exception to the Return" in which he sought reconsideration of the May 13, 2011,

1  ruling on his petition. *See id.* at 1. This "Denial and Exception to the Return" was
2  summarily denied. *Id.*

3  **D. Habeas Corpus Petition Before the California Supreme Court**

4  On January 3, 2013, the petitioner filed his first petition for writ of habeas corpus
5  before the California Supreme Court. [Lodg. 19] Therein, the petitioner re-raised his
6  claim of ineffective assistance of counsel. *Id.* at 11. However, he also added five new
7  constitutional claims. *Id.* at 11-13. The six grounds raised in his petition were: (1)
8  ineffective assistance of counsel, (2) *Brady* violation for failure to disclose potentially
9  exculpatory evidence, (3) a violation of his confrontation clause rights, (4) two claims
10  of instructional error, (5) sentencing error, and (6) actual innocence based on the fact
11  that the alleged victims were not minors. *Id.* The California Supreme Court denied this
12  petition without comment on May 2, 2013. [Lodgs. 20, 21]

13  **E. Federal Habeas Corpus Petition**

14  The petitioner constructively filed the instant federal petition for writ of habeas
15  corpus on February 10, 2014. [Doc. 1]

16  **II. LEGAL STANDARDS**

17  The Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA")
18  governs habeas corpus petitions filed after April 24, 1996. *Smith v. Robbins*, 528 U.S.
19  259, 268 n.3 (2000). Under AEDPA, state prisoners must commence federal habeas
20  corpus proceedings within one year of the date on which their convictions become
21  final. 28 U.S.C.A. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 895 (9th Cir.
22  2001). That period of limitations, however, is statutorily tolled during the time in
23  which "a properly filed application for state post-conviction or other collateral review
24  with respect to the pertinent judgment or claim is pending...." § 2244(d)(2); *Wixom* 264
25  F.3d at 895-96.

26  AEDPA's tolling provision protects the principles of comity, finality, and
27  federalism, and "promot[es] the exhaustion of state remedies while respecting the
28  interest in the finality of state court judgments." *Carey v. Saffold*, 536 U.S. 214, 222

1  (2002) (citation omitted).  It modifies the one-year filing rule in order to give states
2  "the opportunity to complete one full round of review, free of federal interference."
3  *Id.*  The statute of limitations is tolled for all of the time during which a state prisoner
4  is attempting, through proper use of state court procedures, to exhaust state court
5  remedies with regard to a particular post-conviction application. *Nino v. Galaza*, 183
6  F.3d 1003, 1005 (9th Cir. 1999).  This includes the time between a lower court decision
7  and the filing of a new petition in a higher court, so long as the petitioner has not
8  unreasonably delayed in the filing of the new petition.  *Carey* 536 U.S. at 222-23.  As
9  the Ninth Circuit has explained:

> Typically, a California petitioner brings a petition for writ of habeas
> corpus in the state's Superior Court.  If it is denied, the petitioner will
> assert claims, most commonly the same ones, in a new petition in the
> California Court of Appeal.  If the Court of Appeal denies the petition, he
> will assert claims in yet another new petition in, or petition for review by,
> the California Supreme Court. The United States Supreme Court held that
> application for state post-conviction relief filed in this fashion will be
> deemed "pending" for purposes of 28 U.S.C. 2244(d)(2), even during the
> intervals between the denial of a petition by one court and the filing of a
> new petition at the next level, if there is not undue delay.

17  *Biggs v. Duncan*, 339 F.3d 1045, 1046 (9th Cir. 2003) (citation omitted).
18      When, as here, a petitioner files multiple successive petitions in the *same* state
19  court, the time between such petitions is not automatically tolled.  Rather, the Ninth
20  Circuit applies a two part test ("the *King* test") to determine whether AEDPA's one-
21  year statute of limitations clock continues to run during the gaps between those
22  successive petitions. *Banjo v. Ayers*, 614 F.3d 964, 969 (9th Cir. 2010).  Specifically:

> [W]e ask whether the petitioner's subsequent petitions are limited to an
> elaboration of the facts relating to the claims in the first petition. If not,
> these petitions constitute a "new round" and the gap between the rounds
> is not tolled. But if the petitioner simply attempted to correct the
> deficiencies, then the petitioner is still making proper use of state court
> procedures, and his application is still "pending" for tolling
> purposes....We then ask whether they were ultimately denied on the merits
> or deemed untimely. In the former event, the time gap between the
> petitions is tolled; in the latter event it is not.

14cv3046-BEN (KSC)

1  *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (quoting *King v. Roe*, 340 F.3d 821,
2  823 (9th Cir. 2003)).

3       Finally, a petitioner may demonstrate that he is entitled to equitable tolling even
4  if he is not entitled to statutory tolling.  Although a petitioner may be entitled to
5  equitable tolling in a few cases, "the threshold necessary to trigger [it] is very high, lest
6  the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).
7  Equitable tolling is available to a petitioner when "(1) he has been pursuing his rights
8  diligently, and (2) some extraordinary circumstance stood in his way." *Pace v.*
9  *DiGuglielmo*, 544 U.S. 408, 418. The obligation to act diligently extends during the
10 entire period the petitioner attempts to exhaust both his state and federal remedies.
11 *Lacava v. Kyler*, 398 F.3d 271, 277 (3rd Cir. 2005). The petitioner bears the burden of
12 demonstrating he is entitled to equitable tolling. *Id.* at 1814.

13                        **III. DISCUSSION**

14      AEDPA's one-year statute of limitations began running when the petitioner's
15 state court conviction became final. 28 U.S.C.A. § 2244(d)(1)(A).  The California
16 Supreme Court denied the petitioner's petition for review of his direct appeal on April
17 1, 2009. [Lodg. 9] Adding 90 days in which to file a petition for writ of certiorari to the
18 United States Supreme Court, the petitioner's conviction became final on June 30,
19 2009. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the
20 period of "direct review" under 28 U.S.C. § 2244(d)(1)(A) includes the 90 days within
21 which the prisoner can file a petition for a writ of certiorari).

22      The petitioner filed the instant federal habeas petition on February 20, 2014.
23 More than 3.5 years elapsed between the finality of his conviction and the filing of his
24 federal habeas petition.  Thus, in the absence of statutory or equitable tolling, the
25 instant federal petition must be dismissed as untimely.  The Court will evaluate each
26 of these forms of tolling in turn.
27 / /
28

**A.  The Petitioner Is Only Entitled to Statutory Tolling for a Small Fraction of the Time in Which His State Habeas Petitions Were Pending**

The Court finds that AEDPA's one-year statute of limitations only tolled for a small portion of the time in which the petitioner was litigating habeas corpus petitions in the state courts.  The following table provides a visual illustration of the Court's conclusions, which will be discussed at length in the following subsections:

**STATUTORY TOLLING TABLE**

| First Event | Second Event | # of Days | Time Tolls? | Total Elapsed |
|---|---|---|---|---|
| June 30, 2009 (Conviction becomes final) | March 18, 2010 (1st H.C.[2] filed in Sup. Ct.) | 261 | No | 261 Days |
| March 18, 2010 (1st H.C. filed in Sup. Ct.) | May 24, 2010 (1st H.C. denied by Sup. Ct.) | 67 | Yes | 261 Days |
| May 24, 2010 (1st H.C. denied by Sup. Ct.) | Nov. 6, 2010 (2nd H.C. filed in Sup. Ct.) | 166 | Yes | 261 Days |
| Nov. 6, 2010 (2nd H.C. filed in Sup. Ct.) | Jan. 4, 2011 (2nd H.C. denied by Sup. Ct.) | 59 | Yes | 261 Days |
| Jan. 4, 2011 (2nd H.C. denied by Sup. Ct.) | Jan. 19, 2011 (1st H.C. filed in App. Ct.) | 15 | Yes | 261 Days |
| Jan. 19, 2011 (1st H.C. filed in App. Ct.) | Feb. 22, 2011 (1st H.C. denied by App. Ct.) | 34 | Yes | 261 Days |
| Feb. 22, 2011 (1st H.C. denied by App. Ct.) | April 18, 2011 (2nd H.C. filed in App. Ct.) | 54 | No | 315 Days |
| April 18, 2011 (2nd H.C. filed in App. Ct.) | May 13, 2011 (2nd H.C. denied by App. Ct.) | 25 | No | 340 Days |

---

[2] "H.C." refers to a habeas corpus petition.

| First Event | Second Event | # of Days | Time Tolls? | Total Elapsed |
|---|---|---|---|---|
| May 13, 2011 (2nd H.C. denied in App. Ct.) | Aug. 1, 2011 (3rd H.C. denied by App. Ct.) | 80 | No | 420 Days |
| Aug. 1, 2011 (3rd H.C. denied in App. Ct.) | Jan. 3, 2013 (1st H.C. filed in Cal. S. Ct.) | 521 | No | 941 Days |
| Jan. 3, 2013 (1st H.C. filed in Cal. S. Ct.) | May 2, 2013 (1st H.C. denied by Cal. S. Ct.) | 119 | Yes | 941 Days |
| May 2, 2013 (1st H.C. denied by Cal. S. Ct.) | Feb. 20, 2014 (Federal Petition filed) | 294 | No | 1,235 Days |

### 1. *Petitioner's Superior Court Petitions*

AEDPA's statute of limitations is not tolled before a state court petition is filed, as no petition for post-conviction relief is "pending" during that interval within the meaning of 28 U.S.C. § 2244(d)(2). *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). 261 days after finality of direct review, Petitioner constructively filed a habeas petition in Superior Court on March 18, 2010, which was denied on May 24, 2010. [Lodgs. 10, 11] From March 18, 2010 through May 24, 2010 the statute was tolled due to the properly pending petition before the state court.

Rather than moving up to the Court of Appeal following the Superior Court's ruling, Williams constructively filed a *second* petition in Superior Court on November 6, 2010, which was denied on January 4, 2011. [Lodgs. 12, 13] The second petition elaborated upon the same two arguments that were addressed and denied in the first habeas petition: ineffective assistance of counsel and prosecutorial misconduct. [Lodg. 12, pp. 3, 6] After reviewing the first and second petitions filed in the Superior Court, this Court concludes that the second petition could be construed as a "new claim," as petitioner raises for the first time his argument of prosecutorial misconduct based on witness intimidation and coercion. *See* [Lodg. 12, p. 6] However, in the interest of

1  giving the petitioner the benefit of all doubt, the Court will construe his second petition
2  as "an elaboration of the facts relating to the claims in the first petition," as
3  contemplated by *King*, 340 F.3d at 823.  Because the California Superior Court denied
4  the second petition on its merits rather than deeming it untimely, [Lodg. 13, p. 3], this
5  Court concludes that the petitioner's second petition was still a proper use of state court
6  procedures, and that his original state court habeas application should be deemed still
7  "pending" for tolling purposes for the duration of the pendency of his second petition.
8  *See Stancle*, 692 F.3d at 953.

9       For these reasons, the Court finds that time should be tolled from the Superior
10  Court's denial of the petitioner's first petition on May 24, 2010, through the Superior
11  Court's denial of the second habeas petition on January 4, 2011.

12       *2. Petitioner's Court of Appeal Petitions*

13       On January 19, 2011, the petitioner filed his first petition for writ of habeas
14  corpus in the California Court of Appeal. [Lodg. 14] The Court of Appeal denied the
15  petition on February 22, 2011, finding that the petition was procedurally barred as "a
16  variation on a theme of issues raised and rejected on appeal or alternatively issues that
17  could have been raised on appeal." [Lodg. 15, p. 2] (citing *In re Clark*, 5 Cal. 4th 750,
18  767, n.7 (Cal. 1993)).  Under *Carey*, 536 U.S. at 222-23, time is tolled between the
19  Superior Court's denial of the petition and the petitioner's filing of that petition with
20  the California Court of Appeal.  Time is also tolled while the petition was pending
21  before the Court of Appeal.

22       On April 18, 2011, the petitioner filed another petition for habeas corpus before
23  the Court of Appeal, which was denied on May 13, 2011. [Lodgs. 16, 17] After
24  reviewing both of the appellate petitions that were filed, this Court concludes that this
25  second petition was not "limited to an elaboration of the facts relating to the claims in
26  the first petition" or "simply [an] attempt[] to correct the deficiencies" of the first
27  petition. *Stancle*, 692 F.3d at 954; *King*, 340 F.3d at 823.  Nor was it a *properly* filed
28  application for state post-conviction review within the meaning of AEDPA, 28 U.S.C.

1 § 2244(d)(2), as California law has no procedure for the filing of what is essentially a
2 Motion for Reconsideration of a habeas petition.

3     Had the Court of Appeal denied the petitioner's first appellate petition because
4 it was lacking evidentiary or factual support, the petitioner's second petition could have
5 been construed as an attempt to correct those deficiencies by providing additional
6 factual detail. However, in this case, the petitioner's second appellate petition was
7 simply a restatement of the arguments from his first petition, and it made no attempt
8 to address the issue of the procedural bar. The second petition cannot be construed as
9 a continuation of the petitioner's "first round" of appellate habeas review, and instead
10 is more properly viewed as a new, successive round. *See Delhomme v. Ramirez*, 340
11 F.3d 817, 820 ("[E]ach time a petitioner files a new habeas petition at the same or
12 lower level... the subsequent petition... triggers an entirely separate round of review.")
13 (citing *Biggs*, 339 F.3d at 1048).

14     Time is not tolled between separate successive rounds of habeas review at the
15 same court level. *King*, 340 F.3d at 823. Accordingly, the AEDPA clock continued
16 to run after the Court of Appeal's denial of the petitioner's first appellate petition on
17 February 22, 2011.

18     An August 1, 2011, opinion from the Court of Appeal suggests that the petitioner
19 may have filed a third successive habeas corpus petition in that same court, though no
20 such petition has been included in the Lodgments provided to this Court. *See* [Lodg.
21 18] From the substance of the opinion, it appears that the petitioner filed a document
22 entitled "denial and exception to the return" that was construed as a motion to
23 reconsider the May 13, 2011, Court of Appeal's ruling. *Id.* at 1. For the reasons
24 explained above, this Court concludes that this subsequent filing was not limited to an
25 elaboration of facts relating to the claims in the *first* appellate petition, or an attempt
26 to correct the deficiencies therein. Accordingly, AEDPA's clock continued to run
27 during the time that this "denial and exception to the return" was prepared, filed, and
28 pending before the Court of Appeal. *See King*, 340 F.3d at 823.

### *3. Petitioner's Supreme Court Petition*

On January 3, 2013, the petitioner filed his first state habeas petition before the California Supreme Court, which was denied without comment on May 2, 2013. [Lodgs. 19, 20, 21] Because this was the petitioner's first round of Supreme Court review, and the petition was denied without comment by the Supreme Court (which is presumed to be a decision on the merits), this Court concludes that the petition was properly filed. AEDPA's clock therefore tolled during the time in which this petition was pending before the Supreme Court. 28 U.S.C.A. § 2244(d)(1)(A).

As discussed in Section II.B.2, *supra*, time is typically tolled while a California petitioner moves his petition from a lower court to a higher court for review. *Carey*, 536 U.S. at 222-23. However, the time between petitions at a lower level and a higher level is *not* tolled when the petitioner engages in undue delay. *See id.* California law imposes a general standard of "timeliness" rather than a specific filing deadline for habeas review applications. *Id.* at 223. Nonetheless, the United States Supreme Court has noted that most States provide for "short periods of time" such as 30 to 60 days for a petitioner to file an appeal to the next appellate level court. *Evans v. Chavis*, 546 U.S. 189, 201 (2006). The *Evans* Court further stated, "[w]e have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" *Id.* at 201.

Here, the petitioner's first round of habeas review concluded in the Court of Appeal on February 22, 2011. [Lodg. 15] He filed his first petition with the California Supreme Court almost two years later. [Lodg. 19] A delay of nearly two years is far outside the scope of reasonableness, and no legitimate explanation for the delay is presented in the record. Accordingly, this Court concludes that time was not tolled between the conclusion of the petitioner's first round of appellate review, and the filing of his petition in the California Supreme Court. Furthermore, AEDPA's statute of limitations is not tolled after state habeas corpus review concludes, as no petition for

1 post-conviction relief is "pending" during that interval within the meaning of 28 U.S.C.

2 § 2244(d)(2). *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

3 **4.    Conclusion**

4     In conclusion, while the petitioner is entitled to short periods of statutory tolling

5 during the time that his properly filed petitions were pending in the California state

6 courts, the majority of the time between the conclusion of direct review and the filing

7 of his federal habeas petition is untolled. As illustrated by the table on pages 8 and 9

8 of this Order, the total number of untolled days that elapsed between the finality of his

9 conviction and the filing of the instant federal petition is 1,235 days, or 3.38 years.

10 This far exceeds the one-year statute of limitations imposed by AEDPA.

11     It is worth noting that even if this Court were to give the petitioner *all* benefit of

12 the doubt and find that the statute of limitations were tolled for each and every gap

13 between his successive state court habeas petitions (which, for the reasons discussed

14 above, the Court does not), the petitioner's federal habeas corpus petition would still

15 be time-barred under AEDPA. The petitioner delayed 261 days before filing his first

16 state habeas corpus petition,[3] and 282 days after the conclusion of state habeas review

17 to file the instant federal petition.[4] It is well established that AEDPA's statute of

18 limitations is not tolled during those intervals, as no petition for post-conviction relief

19 is "pending" within the meaning of 28 U.S.C. § 2244(d)(2). *Nino v. Galaza*, 183 F.3d

20 1003, 1006 (9th Cir. 1999); *see Bunney v. Mitchell*, 262 F.3d 973, 973 (9th Cir. 2001).

21 Added together, this results in a total delay of 543 days – substantially more than the

22

23     [3] The petitioner's conviction became final on June 30, 2009, and his first state

24 habeas petition was filed in San Diego Superior Court on March 18, 2010. [Lodg. 10] The gap between those two events – 261 days – counts towards the petitioner's one-

25 year filing deadline under AEDPA.

26     [4] The California Supreme Court denied the petitioner's petition for review of his

27 habeas claim on May 2, 2013. [Lodg. 21] The petitioner constructively filed the instant federal petition for writ of habeas corpus on February 10, 2014. [Doc. 1] The AEDPA

28 clock continued to run during the time between those two events – an additional 282 days.

1  365 days permitted under AEDPA.  The significance of this is that even if the District

2  Court were to disagree with this Court's analysis in Subsections 2-3, above, this Court

3  would still recommend that the petition be dismissed.

4  **B.      The Petitioner Has Not Demonstrated That He Is Entitled To Equitable Tolling**

5          Though the petitioner is not entitled to statutory tolling for the majority of the

6  time that his petitions were pending in state court, his federal habeas petition might be

7  considered timely if he could demonstrate that he is eligible for equitable tolling.

8  Equitable tolling is available to a petitioner when "(1) he has been pursuing his rights

9  diligently, and (2) some extraordinary circumstance stood in his way." *Pace v.*

10  *DiGuglielmo*, 544 U.S. 408, 418.  However, "[e]quitable tolling will not be available

11  in most cases, as extensions of time will only be granted if 'extraordinary

12  circumstances' beyond a prisoner's control make it impossible to file a petition on

13  time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.

14  1997) (citations omitted), *overruled on other grounds by Calderon v. United States*

15  *Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).

16          Here, the petitioner has not moved for equitable tolling.  Indeed, the petitioner

17  appears confused as to why the respondent raised the issue of equitable tolling in his

18  briefing.  *See* [Doc. 18, p. 3] ("It is unsure to petitioner why respondent cite equitable

19  tolling claims.")  Nonetheless, this Court has conducted an independent review of the

20  record and concludes that nothing in the record demonstrates that the petitioner is

21  entitled to equitable tolling.  To the contrary, the high number of his state and federal

22  filings to date suggest that the petitioner has had adequate access to legal resources in

23  prison and the opportunity to prosecute his claims.  Furthermore, a pro se prisoner's

24  lack of legal sophistication or inability to calculate AEDPA's statute of limitations is

25  not, by itself, an extraordinary circumstance warranting equitable tolling.  *Raspberry*

26  *v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Fisher v. Johnson*, 174 F.3d

27  710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se

28  prisoner, generally does not excuse prompt filing.").

# IV. CONCLUSION

For the reasons outlined above, this Court finds that the petitioner's federal habeas petition [Doc. 1] is untimely filed in contravention of AEDPA's one-year statute of limitations, and the petitioner is not entitled to either statutory or equitable tolling sufficient to cure the defect.  Accordingly, this Court recommends that the District Court grant the respondent's Motion to Dismiss. [Doc. 15]

IT IS HEREBY RECOMMENDED that the District Court issue an order (1) approving and adopting this Report and Recommendation;  and, (2) granting the respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus.

IT IS HEREBY ORDERED THAT any party may file written objections with the District Court and serve a copy on all parties *__no later than October 5, 2015__*.  The document should be entitled "Objections to Report and Recommendation."

IT IS FURTHER ORDERED THAT any reply to the objections shall be filed with the District Court and served on all parties *__no later than October 19, 2015__*.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).


IT IS SO ORDERED.

Date: 9/4 , 2015

KAREN S. CRAWFORD
United States Magistrate Judge