UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE R. WILLIAMS,<br>　　　　　　　　　　Petitioner,<br>v.<br>JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br>　　　　　　　　　　Respondents. | Case No.: 14CV3046 BEN (KSC)<br>**ORDER:**<br>**(1) ADOPTING REPORT & RECOMMENDATION;**<br>**(2) DISMISSING PETITION;**<br>**(3) DENYING CERTIFICATE OF APPEALABILITY; AND**<br>**(4) DENYING REQUEST FOR BAIL**<br>[Docket Nos. 16, 21, 22, 24] |

Petitioner Reggie R. Williams, a state prisoner proceeding pro se, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). Respondents filed a Motion to Dismiss the Petition as untimely. (Docket No. 16.) On September 4, 2015, Magistrate Judge Karen S. Crawford issued a

1

thoughtful and thorough Report and Recommendation recommending that the Petition be dismissed as untimely. (Docket No. 21.) Objections to the Report and Recommendation were filed. (Docket No. 22.) For the reasons that follow, the Objections are overruled, the Report and Recommendation is **ADOPTED**, and the Petition is **DISMISSED** as untimely.

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "The district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. The Court will not restate the Report & Recommendation and its conclusions. Although the Court has conducted a de novo review, the Court will only specifically address those issues to which Petitioner has objected.[1]

**I.   Statutory Tolling Objections**

Petitioner asserts that the Report and Recommendation incorrectly concluded that Petitioner's first state habeas petition was filed 261 days after his conviction became final because his direct appeal had just been completed. Petitioner includes a copy of the appellate court's January 22, 2009 decision affirming his conviction. However, as the

---

[1] Petitioner's Objections include arguments addressing the merits of the Petition. Because the Motion to Dismiss and Report and Recommendation are based on untimeliness the Court does not address the merits arguments.

Report and Recommendation explains, the California Supreme Court subsequently denied his petition for review on April 1, 2009. Because no writ of certiorari was filed with the United States Supreme Court, Petitioner's conviction became final on June 30, 2009. He did not file his first state court habeas petition until March 18, 2010 — 261 days later. As explained in the Report and Recommendation, the statute of limitations is not tolled during this time. Accordingly, this objection is overruled.

Petitioner also objects that statute of limitations should be tolled for the entire period from the date the first habeas petition is filed in state superior court until the petition is rejected by the State Supreme Court. (Objections at 4.) He cites *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003) is support of this objection. (*Id.*) *Brown* does not stand for this proposition and the case has no application. *Brown* concluded that the statute of limitations was tolled while a petition was pending in the Superior Court, but taken off calendar at the petitioner's request pending an upcoming parole hearing. *Brown*, 337 F.3d at 1158-59. That is not the case here. Additionally, Petitioner's statement of the law is not entirely accurate. "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that the filing of the notice of appeal is timely under state law.*" *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)). "[I]n California, 'unreasonable delays' are not timely" and the statute of limitations is not tolled during these periods. *Id.* at 197. And, the time between the denial of a petition and the filing of a successive petition in the same court is only tolled if the "subsequent petition [is] limited to an elaboration of the facts relating to the claims in the first petition." *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (discussing first step in the test outlined in *King v. Roe*, 340 F.3d 821, *abrogated on other grounds by Chavis*, 546 U.S. 189).

The Court agrees with the Report and Recommendation's conclusions concerning the intervals between state court filings, including those dealing with successive petitions.

However, even if the statute of limitations was tolled during every interval,[2] as he asserts is should be in his Objections, his federal Petition was still filed outside the statute of limitations.  As explained above, Petitioner filed his first habeas petition in state court 261 days after his conviction became final.  "[T]he statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal to the time the first state collateral challenge is filed.'" *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (quoting *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214, 225 (2002)).  And, 284 days passed between the California Supreme Court's denial of his habeas petition and the filing of his federal Petition.  The combined 545 days exceeds the 365 days allowed by 180 days even if, as Petitioner objects, the statute of limitations was tolled during the entire period from when his first state habeas petition was filed and the California Supreme Court rejected it.

Petitioner has not established that he is entitled to any more statutory tolling than provided in the Report and Recommendation.  His statutory tolling Objections are overruled.

## II. Equitable Tolling Objections

Petitioner appears to assert that is entitled to equitable tolling in his Objections.[3] "The Supreme Court and the policies behind AEDEPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The exception for equitable tolling cannot be interpreted so broadly as to displace the

---

[2] The Court agrees with and adopts the Report and Recommendation's analysis concerning tolling of the intervals between Petitioner's filings.

[3] As noted in the Report and Recommendation, Petitioner declined to seek equitable tolling in his Opposition to the Motion to Dismiss despite it being raised in the Motion to Dismiss.  Petitioner specifically notes "It is unsure [sic] to petitioner why respondent cite equitable tolling claims." (Opp. at 3.)  Petitioner asserts for the first time that he is entitled to equitable tolling in his Objections.

statutory limitations that Congress crafted." *Id.*  Equitable tolling is only available when the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).  "[E]quitable tolling is 'unavailable in most cases.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Id.* (internal citations and quotations omitted).

In support of his equitable tolling Objection, Petitioner identifies six prisons where he has been incarcerated and notes that he had either limited or no access to the law library at those facilities.  In addition, he attaches an exhibit documenting which facilities he was located in within the prison system over his entire incarceration.  Comparing the two, the Court can conclude that only three of those prisons listed in his Objections could have any relevance:[4] (1) California Rehabilitation Center (NORCO) ("CRC") — two hours a week; (2) California Institution for Men, Central, ("CIM-Central") [identified as "Chino Central"] — no access; and (3) Chuckawalla Valley State Prison ("CVSP") — limited access.

The Court first addresses Petitioner's challenge as to CRC and CVSP.  Petitioner is not entitled to equitable tolling based on his law library access while housed at these facilities for numerous reasons.  First, the "two hours a week" or "limited access" available at CRC and CVSP are "ordinary prison limitations" on law library access that

---

[4] The other facilities identified are not relevant for purposes of tolling because Petitioner was housed in them either before his conviction became final or after his federal petition was filed.  The month he was housed at Richard J. Donovan from March 6, 2008 to April 7, 2008, when he claims he had no access to the law library, was more than a year before his conviction became final.  And, he was housed in LaPalma Correctional Facility, where he claims he had no law library access, and California City Correctional Facility, where he claims he has limited law library access, after he filed his federal petition.

do not constitute extraordinary circumstances. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (denying equitable tolling when petitioner was in administrative segregation and had limited access to the law library and copy machine).  Second, Petitioner does not explain how the level of library access prevented him from timely filing.  Even if the Court found his library access was an extraordinary circumstance, Petitioner has not demonstrated how it made "it impossible to file a petition on time." *Roy*, 465 F.3d at 969.  He has offered no explanation.  Third, particularly as to CRC, Petitioner's record of filings in the state courts while housed in CRC reflect that the prison's time limitations were not extraordinary circumstances that prevented Petitioner's timely filing.  For example, during the 261-day period noted above, Petitioner was housed in CRC.  This is the same facility where he was housed when he filed at least six petitions before the state courts.

As to Petitioner's time at CIM Central, where he claims he had no access to a law library, he was only housed in CIM-Central for two days — October 9, 2013 to October 10, 2013.  It appears on those two days that he was being assigned a facility within the prison.  Again, this is an ordinary prison limitation, but even if the Court assumed it was an extraordinary circumstance, Petitioner has not explained how this circumstance prevented him from timely filing.

Petitioner's equitable tolling Objections are overruled.

**III.  Evidentiary Hearing Objection**

Petitioner appears to assert that he is entitled to an evidentiary hearing on the issue of tolling and relies on *Roy v. Lampert*, 465 F.3d 964.  However, *Roy* reiterated that an evidentiary hearing is warranted "when [a petitioner] makes 'a good faith allegation that would, if true, entitled him to equitable tolling.'"  465 F.3d at 969 (quoting *Laws v. Lamarque,* 351 F.3d 919, 919 (9th Cir. 2003)).  Petitioner has made no allegations that would entitle him to equitable tolling.  As discussed above, he does not allege how two hours a week or "limited access" prevented him from timely filing.  It is not clear that

these limits could ever justify equitable tolling because ordinary limitations on a prisoner's access to the law library are not extraordinary circumstances. *See Ramirez*, 571 F.3d at 998.  As the Ninth Circuit explained in addressing the access limits imposed on prisoners in administrative segregation, "[g]iven even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule." *Id.*  However, the Court need not conclude that two hours a week or limited access to the law library could never constitute an extraordinary circumstance because Petitioner's allegations do not even suggest how the limits prevented him from timely filing.

Petitioner's Objections based on access to an evidentiary hearing are overruled.

**IV.     Certificate of Appealability**

The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## CONCLUSION

Petitioner's Objections are overruled and the Report and Recommendation is **ADOPTED**.  The Petition is **DISMISSED** as untimely and a certificate of appealability is **DENIED**.  Petitioner's Motion for Bail Pending Determination of Petition is **DENIED** as moot. The Clerk of Court shall enter judgment **DISMISSING** the Petition as untimely.

**IT IS SO ORDERED.**

Dated:  November 19, 2015

Hon. Roger T. Benitez
United States District Judge